**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MAXWELL ACKLEY and STEPHANIE ACKLEY,** | ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) | **Case No. 06-CV-529-TCK-PJC** |
| **BARTLESVILLE EXAMINER-ENTERPRISE,** | ) ) ) | |
| **Defendant.** | ) ) | |

## OPINION AND ORDER

Defendant initially moved for summary judgment on February 12, 2007 (Doc. 10).  Plaintiffs responded with a request that the Court deny the motion under Federal Rule of Civil Procedure 56(f) because additional discovery was necessary before Plaintiffs could adequately respond to Defendant's first motion for summary judgment.  The Court granted Plaintiffs' request and denied Defendant's first motion for summary judgment without prejudice to re-filing.  Now before the Court is Defendant's Renewed Motion for Summary Judgment (Doc. 24).

**I.      Background**

This case arises out of a newspaper article written about the death of Plaintiffs' infant son. The Bartlesville Examiner-Enterprise ("*Examiner-Enterprise*" or "the newspaper") published an article on September 29, 2005 entitled "Bartlesville couple arrested in connection with baby's death" and sub-titled "Police say meth use contributed to death of 7-week old" ("September 29, 2005 article" or "the article").  (Def.'s Renewed Mot. for Summ. J. Ex. 1.)  The article was written by Tim Hudson, a reporter for the newspaper, and allegedly fact-checked by City Editor Kelli Williams before being approved for publication by Managing Editor Chris Rush.

Criminal actions were initiated against Plaintiffs in connection with the death of their son.[1] On September 7, 2005, Bartlesville Police Officer Steve Birmingham executed two affidavits, which were filed in these criminal actions on September 27, 2005 and are a matter of public record. Based on Officer Birmingham's affidavits, the court issued arrest warrants for Plaintiffs on September 26, 2005. The Plaintiffs were thereafter arrested on September 27, 2005 on charges of child neglect and enabling child neglect. On September 29, 2006, Plaintiffs initiated the instant suit, alleging that the September 29, 2005 article in the *Examiner-Enterprise* contained "defamatory statements regarding [P]laintiffs, and their deceased minor child." (Pls.' Compl. 3.) Defendant has moved for summary judgment on Plaintiffs' defamation claim. For the reasons described herein, Defendant's Renewed Motion for Summary Judgment (Doc. 24) is GRANTED.

## II.     Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006) (citation omitted). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* (citation omitted). However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The party seeking to overcome a motion for summary

---

[1] These cases were captioned as follows: *State v. Stephanie Angela Ackley*, In the District Court of the Eleventh Judicial District of the State of Oklahoma, Sitting in and for Washington County, No. CF-2005-422 and *State v. Maxwell Davis Ackley*, In the District Court of the Eleventh Judicial District of the State of Oklahoma, Sitting in and for Washington County, No. CF-2005-423.

judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

**III.   Discussion**

In order to recover on their defamation claim, Plaintiffs must prove (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either the actionability of the statement irrespective of special damages, or the existence of special damages caused by the publication. *Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla. Civ. App. 2002).  The Court finds that summary judgment is proper because there is no genuine issue of material fact with respect to the first and third elements.

The Court first finds that Plaintiff has failed to make a sufficient showing to establish the existence of a false and defamatory statement.  In assessing whether a statement or report is "substantially accurate," important to the inquiry is whether the "'gist' or 'sting' [of the report] is true."  *See Crittendon v. Combined Comm. Corp*., 714 P.2d 1026, 1029 n.2 (Okla. 1985) (citing, *inter alia*, *Williams v. WCAU TV*, 555 F.Supp. 198, 202 (E.D. Penn. 1983)).  In the instant case, the "gist" of the September 29, 2005 article is that Plaintiffs were arrested on charges of child neglect and enabling child neglect in connection with their baby's death based on allegations outlined in Officer Birmingham's affidavits.  The Court closely read both the newspaper article and Officer Birmingham's affidavits and finds that the "gist" of the article comports with the information included in said affidavits.  As evidenced in their response to Defendant's Renewed Motion for Summary Judgment, Plaintiffs admit that they were indeed arrested on September 27, 2005 on charges stemming from the death of their child.  There is simply no evidence tending to show that

3

the basic "gist" of the article was inaccurate in any manner.

The Court further finds that Plaintiffs have presented no evidence supporting their assertion that "[t]he article contained numerous, [sic] and untruthful statements relating to the Ackleys, their deceased minor child, [t]he cause of said child's death, . . . and the alleged drug abuse by Plaintiffs." (Pls.' Compl. 2.)  All information included in the article regarding these topics was taken directly from Officer Birmingham's affidavits, and the article accurately reported the allegations being made against Plaintiffs, as recited in the affidavits.  Plaintiffs' argument invites the Court to weigh in on the truth of accusations, but such a task is unnecessary.  As aptly stated by Defendant, the measure of "truth" is not whether the statements in the affidavits are true — *i.e.*, whether Plaintiffs did indeed contribute to the death of their infant son — but instead is whether the newspaper accurately reported the allegations made against Plaintiffs.  *See Global Relief Found., Inc. v. New York Times Co.,* 390 F.3d 973, 986-87 (7th Cir. 2004) (applying Illinois law on defamation, which is virtually identical to Oklahoma law) (finding that challenged media reports of government investigation against plaintiff were "true or substantially true") (rejecting plaintiff's arguments that media defendants had to prove the truth of government's charges against plaintiff before reporting on government investigation of plaintiff); *Green v. CBS*, 286 F.3d 281, 284 (5th Cir. 2002) (stating that in cases involving media defendants, "the defendant need not show the allegations [against plaintiff] are true, but must only demonstrate that the allegations were made and accurately reported").

With regard to the third element of Plaintiffs' defamation claim, Plaintiffs must show that the newspaper failed to exercise ordinary care in reporting the news story concerning Plaintiffs. *Malson v. Palmer Broad. Group*, 936 P.2d 940, 942 (Okla. 1997).  Ordinary care is "that degree of care which ordinarily prudent persons engaged in the same kind of business usually exercise under

4

similar circumstances." *Id.* (quoting *Martin v. Griffin Television, Inc.*, 549 P.2d 85 (Okla. 1976)). In short, the Court finds that Plaintiffs have failed to "set forth specific facts showing that there is a genuine issue for trial" regarding this element.  FED. R. CIV. P. 56(e).  Plaintiffs' main complaint is that the newspaper printed the allegations contained in Officer Birmingham's affidavits without making any effort to verify the truth of such allegations.  However, Plaintiffs have failed to demonstrate that such steps are within the "ordinary care" of a newspaper.  Rather, as indicated above, when assessing the truth of a report concerning an investigation, a defendant is under no requirement to show that the allegations against the plaintiff are true, but must only show that the allegations were made and that the allegations themselves were accurately recited.

The Court hereby GRANTS Defendant's Renewed Motion for Summary Judgment (Doc. 24).  A separate Judgment will be entered forthwith.

**ORDERED THIS 29th DAY of NOVEMBER 2007.**

**TERENCE KERN, JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**